UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY D. JAMES,

                Petitioner,

v.                                       Case No. 13-12321

J.A. TERRIS,                          HON. TERRENCE G. BERG
                                                   HON. MARK A. RANDON

                Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE HABEAS CORPUS PETITION
AND DECLINING TO GRANT LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Garry D. James is an inmate at the Federal Correctional Institution in Milan, Michigan. He recently filed a pro se habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges Petitioner's plea-based conviction for "use of a firearm in furtherance of a drug trafficking offense." Petitioner claims that his conviction should be vacated because the charged offense, as described in the indictment, is not a federal crime and, therefore, he was convicted of a nonexistent offense.

The federal court that sentenced Petitioner has already considered and decided Petitioner's claim on the merits. Therefore, the habeas petition must be dismissed. The following is a summary of the history of this case and the legal reasons supporting this decision.

**I.    Background**

In 2006, Petitioner pleaded guilty in the Western District of Michigan to one count of a three-count indictment in exchange for the dismissal of the other counts.

The caption for the count to which Petitioner pleaded guilty reads: "Use of a Firearm in Furtherance of a Drug Trafficking Offense." On January 5, 2007, United States District Judge Robert Holmes Bell of the Western District of Michigan sentenced Petitioner to 180 months in prison, followed by four years of supervised release. Petitioner appealed his conviction, but then voluntarily dismissed his appeal. *See United States v. James*, No. 07-1244 (6th Cir. Mar. 22, 2007, and Mar. 26, 2007).

In 2011, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Among other things, he argued that he was not charged with a statutorily recognized crime because he did not "use" a firearm in furtherance of a drug trafficking offense. On July 9, 2012, Judge Bell denied Petitioner's motion because it was time-barred and lacked merit. *See James v. United States*, No. 11-CV-311, 2012 WL 2716280 (W.D. Mich. July 9, 2012). Petitioner appealed Judge Bell's decision, but the Court of Appeals denied his application for a certificate of appealability. *See James v. United States*, No. 12-1989 (6th Cir. Feb. 4, 2013).

On March 29, 2013, Petitioner filed a habeas corpus petition, which was assigned to the Honorable Nancy G. Edmunds. He raised the same claim that he raises here: that he was not charged with a federal crime and was convicted of a nonexistent offense. On April 30, 2013, Judge Edmunds dismissed Petitioner's habeas petition with prejudice because it was a collateral attack on Petitioner's sentence and should have been brought under 28 U.S.C. § 2255. *See James v. Terris*, No. 13-CV-11443, 2013 WL 1812207 (E.D. Mich. Apr. 30, 2013).

Finally, on May 24, 2013, Petitioner filed his habeas corpus petition in this case. His sole ground for relief reads: "Petitioner James argues that his count three § 924(c)(1)(A)(i) conviction is for a[] non-existent offense and must be vacated because he is not charged with a federal crime."

Petitioner points out that § 924(c)(1)(A) prohibits the use or carrying of a firearm "during and in relation to" a drug trafficking crime or possession of a firearm "in furtherance of" a drug trafficking crime. Petitioner's indictment stated that he was charged with "Use of a Firearm in Furtherance of a Drug Trafficking Offense," a phrase that combines both the "use or carry" prong of the statute and the "possession" prong of the statute. Hence, Petitioner argues that he was charged with, and convicted of, a nonexistent offense and is innocent.

## II. Discussion

Petitioner is raising the same issue that he presented to the federal court twice before: whether he was charged with, and convicted of, an actual crime. Petitioner raised this issue in his previous habeas corpus petition and in his § 2255 motion to vacate, set aside, or correct his sentence. Although habeas corpus petitions filed under 28 U.S.C. § 2241 "are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 . . . habeas petitions, courts may decline to address claims brought repeatedly." *Dietz v. United States Parole Comm'n*, 260 F.

App'x 763, 765 (6th Cir. 2008).[1] Furthermore, the doctrine of "issue preclusion, or collateral estoppel, dictates that once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994) (citing *Action Distributing Co. v. Int'l Bhd. of Teamsters Local 1038*, 977 F.2d 1021, 1026 (6th Cir. 1992)).

Judge Bell adjudicated Petitioner's claim in his order denying Petitioner's § 2255 motion. Although Judge Bell stated that the motion was untimely, he also determined that Petitioner's grounds for relief lacked merit. Judge Bell began his analysis of Petitioner's challenge to the sufficiency of the indictment by noting that the statute in question, 18 U.S.C. § 924(c)(1)(A), prohibits two distinct offenses: (1) the use or carrying of a firearm during and in relation to any crime of violence or drug trafficking; and (2) possession of a firearm in furtherance of such crimes. Judge Bell acknowledged that the caption of the offense with which Petitioner was charged used language from both offenses listed in § 924(c)(1)(A). Judge Bell then

---

[1] A second or successive motion to vacate, set aside, or correct the sentence:

> must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain–
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

reasoned from the language in the indictment that the Government clearly intended to charge Petitioner with possession of a firearm in furtherance of a drug trafficking crime.

According to Judge Bell, the unclear caption was unimportant, because "an indictment caption is 'completely surplusage.'" *James*, 2012 WL 2716280, at *3 (quoting *United States v. Dawson*, 516 F.2d 796, 804 (9th Cir. 1972)). Judge Bell opined that, "the Indictment effectively described the nature of the charge," and the facts of the case justified the charge; therefore, the wording of the caption in the indictment was "not the fatal error [Petitioner] believe[d] it to be." *Id.* at *4. Judge Bell concluded that Petitioner's "actual innocence" argument lacked merit, because Petitioner "was rightfully charged with possession of a firearm in furtherance of a drug trafficking crime, the very crime he readily admitted in court that he committed." *Id.*

In reviewing Judge Bell's decision, the Court of Appeals for the Sixth Circuit determined that Petitioner had failed to make "a substantial showing that the district court erred when it concluded that he did not establish that his indictment improperly charged a 'non-codified' offense . . . ." *James*, No. 12-1989, at 4 (6th Cir. Feb. 4, 2013). In reaching this conclusion, the Court of Appeals stated that

> the text of the charge clearly reflects that James was charged with "possession" of a firearm in furtherance of a drug trafficking crime. It is the body of an indictment which "contains the actual charge, and the caption or cover sheet is not a necessary or controlling part of the indictment."

*Id.* at 3–4 (quoting *United States v. Ebolum*, 72 F.3d 35, 39 (6th Cir. 1995)).

5

**III. Conclusion**

The rulings by Judge Bell and the Court of Appeals are conclusive as to whether Petitioner was convicted of a nonexistent offense and is innocent. These two courts have already concluded that the argument Petitioner advances here is incorrect, that the language in the body of Count 3 of the Indictment properly described a criminal offense, and the fact that there was an incorrect description of this offense contained in the caption of Count 3 does not mean that Petitioner was wrongly convicted. Consequently, Petitioner's pleading is barred by the doctrine of issue preclusion or collateral estoppel, and the habeas petition is summarily dismissed. This dismissal is made under Rule 4 of the Rules Governing Section 2254 Cases, "which allows the summary dismissal of a petition if 'it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court.'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting Rule 4).[2]

The Court declines to grant leave to appeal in forma pauperis because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3). It is unnecessary to decide whether a certificate of appealability should issue, because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under §

---

[2] The rules governing cases under 28 U.S.C. § 2254 also apply to habeas petitions not filed under § 2254. *See* Rule 1(b).

2241 where detention is under federal process. *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

SO ORDERED.

s/Terrence G. Berg<br>TERRENCE G. BERG

Dated: July 23, 2013                              UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 23, 2013, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb<br>Case Manager

7